# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SUSAN GIASSON,

　　　　　　　Plaintiff,

v.

MRA—THE MANAGEMENT
ASSOCIATION, INC.,

　　　　　　　Defendant.

Case No. 24-CV-839-JPS

**ORDER**

## 1.　INTRODUCTION

In July 2024, Plaintiff Susan Giasson ("Plaintiff") filed this putative class action against Defendant MRA—The Management Association, Inc., ("Defendant") for "failure to protect highly sensitive data" in a data breach. ECF No. 1. Following the Court's partial grant of Defendant's motion to dismiss, claims of negligence, negligence per se, and unjust enrichment remained. *See id.* and ECF No. 22.

In June 2025, the parties informed the Court that they reached a settlement. ECF No. 27. Plaintiff then submitted an unopposed motion for preliminary approval of the Class Action Settlement and for certification of the proposed class in September 2025. ECF No. 29. The Court, in turn, certified the class for settlement purposes and preliminarily approved the Settlement Agreement. ECF No. 32.

In December 2025, however, due to the parties' joint omission of a separate incident that the class action was supposed to cover, the parties, at the instruction of the Court, moved to vacate the Court's first preliminary approval order so that they could refile for preliminary approval of their

Amended Settlement Agreement. ECF No. 33. The Court will grant the motion to vacate. Additionally, Plaintiff refiled the motion for preliminary settlement approval, which Defendant does not oppose. ECF No. 34. Being satisfied that the requirements of Rule 23 are met, the Court will certify the proposed class. Further being satisfied that the parties' Amended Settlement Agreement, ECF No. 36-1, appears to be fair and reasonable, the Court will preliminarily approve it. In addition, as noted at the end of this Order, the Court will reschedule a date for the Fairness Hearing.

## 2. FACTUAL ALLEGATIONS

This case arises from a two separate data breaches (collectively, the "Security Incident") said to have occurred due to Defendant's failure to protect highly sensitive data belonging to Plaintiff and the putative class. ECF No. 35 at 9–10; *see also* ECF No. 1. Defendant is a non-profit employer association that stores, as part of its business, personally identifiable information and protected health information of its clients' employees, including their health and Social Security information. ECF No. 1 at 3, 7; ECF No. 35 at 9. Plaintiff was employed by a current or former client of Defendant.[1] ECF No. 35 at 9.

The first data breach took place "[i]n or after July 2023." *Id.* At that time, "Defendant experienced a network disruption and became aware that an unauthorized third party had gained access to its computer network." *Id*. at 9–10. Plaintiff alleged she was affected because her sensitive information was provided to her employer as a condition of her employment, who then stored that information with Defendant. ECF No. 1 at 13. Plaintiff received notice that her sensitive information was affected.

---

[1]Her employer is not identified and is not a party to this action.

ECF No. 35 at 10. In response, Defendant launched an investigation, ultimately determining that a cybercriminal group may have acquired sensitive information from certain files on Defendant's network. *Id*. As reflected in the Amended Settlement Agreement, Defendant later identified a second, separate security incident discovered in January 2024. *Id*. (citing ECF No. 36-1). For the purposes of settlement and notice, the July 2023 and January 2024 incidents are defined collectively as the Security Incident. *Id*.

The proposed class includes: "[a]ll individuals[2] residing in the United States whose Personal Information[3] may have been compromised in the Security Incident, including all those individuals who received notice of the breach." *Id*. at 12. The parties agree that this putative class contains approximately 36,434 members. *Id.*

### 3.    CLASS CERTIFICATION

For the Court to certify Plaintiff's proposed class, Plaintiff must show the following: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

---

[2]The proposed class encompasses both "current or former employees of current or former clients of Defendant" as well as "individuals who otherwise provided their Personal Information to Defendant in the course of their employment or business relationship." ECF No. 35 at 9.

[3]"'Personal Information' shall include, but is not limited to, names, dates of birth, Social Security numbers, credit and/or debit card numbers, medical history (including condition, treatment, . . . patient name, patient address, medical record number, prescription information, diagnosis, treatment, condition, dates of service), health benefits and enrollment information, financial account numbers with passwords or routing numbers, and Internal Revenue Service tax identification numbers." ECF No. 36-1 at 5–6. The Court notes that the parties have duplicated the word "diagnosis," and will account for that in rendering the language at the end of this Order.

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(1)–(4). Further, a class may only be certified if it meets one of the subsections of Rule 23(b). *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011)).

Plaintiff "bears the burden of proving by a preponderance of the evidence all necessary prerequisites to the class action." *Id*. "This normally means that some discovery related to the class certification must take place." *Id.* Accordingly, when determining whether Plaintiff has met her burden, "[t]he [C]ourt does not presume that all well-pleaded allegations are true for purposes of deciding the certification question." *Armes v. Sogro, Inc.*, No. 08-C-0244, 2011 WL 1197537, at *2 (E.D. Wis. Mar. 29, 2011) (citing *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676–77 (7th Cir. 2001)); *Priddy*, 870 F.3d at 660 (noting that the Court does not conduct its class certification inquiries in a "fact-free zone"). "Rather, it should look beneath the surface of a complaint to conduct the inquiries identified in Rule 23 and exercise the discretion it confers." *Armes*, 2011 WL 1197537, at *2 (quoting *Szabo*, 249 F.3d at 677 (internal bracketing and quotation marks omitted)). Ultimately, "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Dukes*, 564 U.S. at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

### 3.1    Numerosity

First, the Court considers whether the class is "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). While there is no express cut-off in terms of number, the Seventh Circuit has indicated that a class of forty members satisfies this requirement where the class

members' potential recoveries were too small to warrant the pursuit of individual actions. *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969); *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) ("[A] forty-member class is often regarded as sufficient to meet the numerosity requirement." (quoting *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017))). The parties agree here that the putative class contains over 36,000 members. ECF No. 35 at 8, 12, and 19. The numerosity requirement requires a court to look beyond just numbers, however, at the "practicability of joinder," which requires evaluation of the nature of the action, location of putative class members, and the size of individual claims as well. *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021) (citing 7A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1762 (3d ed.)). Given the impracticality of joining so many individual litigants and the nature of the factual allegations that appear to lend this matter to an efficient class adjudication, the Court finds that the 36,434-member class is sufficiently numerous to satisfy Rule 23's numerosity requirement.

### 3.2    Commonality

The Court next considers whether "there are questions of fact or law common to the class." FED. R. CIV. P. 23(a)(2). To satisfy this requirement, Plaintiff's claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Orr*, 953 F.3d at 498 (quoting *Dukes*, 564 U.S. at 350).

Plaintiff asserts that common questions of law and fact in this case include:

> [(1)] [w]hether Defendant owed and breached a duty to exercise due care in collecting, storing, and/or safeguarding Plaintiff's and Class Members' Personal Information; [(2)] [w]hether Defendant knew or should have known that they allegedly did not employ reasonable measures to keep the Personal Information of Plaintiff and Class Members secure; and [(3)] [w]hether Defendant violated the law by failing to promptly notify Plaintiff and Class Members that their Personal Information had been compromised.

ECF No. 35 at 20 (citing ECF No. 1 at 37).

The Court need not worry whether there are two separate data breaches here because the Court finds that there are nonetheless common issues of law here, such as whether Defendant breached a duty of care in collecting, storing, and safeguarding the data of the class. *Yvonne Mart Fox v. Iowa Health Sys.*, No. 3:18-cv-00327-JDP, 2021 U.S. Dist. LEXIS 40640, at *5 (W.D. Wis. March 4, 2021) (finding commonality even though there were two data security incidents because the claims "involved many common legal questions, such as whether defendant "failed to take reasonable measures to protect that data"); *Sheffler v. Activate Healthcare*, LLC, No. 1:23-cv-0126-SEB-TAB, 2024 U.S. Dist. LEXIS 156311, at *14 (S.D. Ind. Aug. 30, 2024) (finding commonality where there was a challenge to the adequacy of the safeguards used by defendants to store and maintain the data of the class members). Moreover, as in *Yvonne Mart Fox*, the answers to these questions will be found in "evidence that applies to all [Class Members], such as what contracts [defendant] has with its customers" and "what security measures" it had in place. *Yvonne Mart Fox*, 2021 U.S. Dist. LEXIS 40640, at *5. Thus, commonality is met.

### 3.3 Typicality

Third, the Court determines if Plaintiff's claims are typical of the claims or defenses of the class. FED. R. CIV. P. 23(a)(3). A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). "Typicality requires 'enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group.'" *Orr*, 953 F.3d at 500 (quoting *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011)). Plaintiff contends that typicality is met because the claims here "arise out of the same course of conduct—that Defendant allegedly collected and failed to adequately protect the Class Members' Personal Information—and assert the same theories of liability." ECF No. 35 at 22. This is sufficient to show typicality, as nothing shows that Plaintiff's claims differ in any meaningful way from the rest of the class. *See Yvonne Mart Fox*, 2021 U.S. Dist. LEXIS 40640, at *6 (finding that the exposure of personal data to third parties and identity theft concerns satisfied typicality).

### 3.4 Adequacy

The Court next considers if Plaintiff and Plaintiff's counsel "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requirement looks at both "'the adequacy of the named plaintiff's counsel, and the adequacy of the representation provided in protecting the different, separate, and distinct interest' of the class members." *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Secretary of Labor v. Fitzsimmons*, 805 F.3d 682, 697 (7th Cir.

1986) (en banc)). Here, Plaintiff asserts that her interests entirely overlap with the interests of the Class Members, that counsel for Plaintiff have both the competence and experience in litigating consumer class actions, including those relating to complex data breaches, and that Plaintiff and the Class Members will benefit from their zealous representation. ECF No. 35 at 22. Based on these unopposed assertions, the Court finds that both Plaintiff and Plaintiff's counsel will adequately represent the interests of the putative class.

### 3.5 Predominance and Superiority

Lastly, the Court determines whether any of Rule 23(b)'s classifications apply to support class certification. Plaintiff here asserts that Rule 23(b)(3) applies, *see* ECF No. 35 at 23, which requires that "common questions of law or fact predominate over any questions affecting only individual members" and that class resolution is "superior to other available methods for the fair and efficient adjudication of the controversy." These requirements ensure that certifying a class "achieve[s] economies of time, effort, and expense, and promote[s] . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted).

Plaintiff asserts that in this case "common questions [] aris[ing] from Defendant's conduct predominate over any individualized issues." ECF No. 35 at 23–24 (collecting cases). Plaintiff further avers that "resolution of over thirty six thousand claims in one action is far superior to litigation via individual lawsuits" because it will "guarantee an increase in judicial efficiency and conservation of resources over the alternative of individually litigating thousands of individual data breach cases arising out of the *same*

Security Incident." *Id*. at 24. Thus, Plaintiff argues that the settlement class satisfies Rule 23(b)(3)'s requirements. *Id*. at 23–24.

The Court agrees that the common issues of whether there was a duty to safeguard the data and breach thereof predominate here. *Linman v. Marten Transp., Ltd.*, No. 22-cv-204-jdp, 2024 U.S. Dist. LEXIS 106334, at *4 (W.D. Wis. June 13, 2024) (finding predominance in a data breach class action because the answer to whether defendant failed to adequately protect the data on its network did not depend on identity of individual class members); *see also Quiroga v. Olds Prods. Co. of Ill.*, No. 22-CV-390-SCD, 2024 WL 4512098, at *4 (E.D. Wis. Oct. 17, 2024) ("Rule 23(b)(3)'s predominance requirement is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (cleaned up)).

Further, because individual lawsuits would be impracticable and the Court has found both the class representative and class counsel to be capable of adequately serving the best interests of the class, *supra* Section 3.4, class certification is the superior method of adjudication for the alleged harm Defendant caused here. *Tesky v. Bone & Joint Clinics*, Nos. 23-cv-184-jdp; 23-cv-187-jdp; 23-cv-189-jdp; 23-cv-287-jdp, 2025 U.S. Dist. LEXIS 127425, at *5 (W.D. Wis. July 3, 2025) (finding superiority due to the large size of the class of over 100,000 members and the small amount of damages available through individual lawsuits); *see also Amchem Prods.*, 521 U.S. at 620 (noting that settlement-only certifications such as this do not require the district court to consider whether the case, if tried, would pose management problems because the proposal is to skip the trial).

For all these reasons, the Court will certify the class in this matter.

### 4. PRELIMINARY SETTLEMENT APPROVAL

Prior to settlement, the Court must approve the parties' Amended Settlement Agreement and Release. *See* FED. R. CIV. P. 23(e); ECF No. 36-1 at 2–22. The Court's task is to determine whether the settlement is "fair, adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)). In making this determination, the Court considers the following factors: (1) the strength of Plaintiff's case when compared to the terms of the settlement agreement; (2) the likely complexity, length, and expense of the litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed at the time of the proposed settlement. *Synfuel Techns., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citing *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)). However, the first factor is the most important. *Id.* (citing *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 (7th Cir. 1979)).

At this stage, all the factors weigh in favor of finding a fair settlement in this case. As to the first factor, while Plaintiff strongly believes in the merits of her case, Plaintiff also acknowledges that the case law as to these kinds of data breaches is scarce because it is an evolving area of the law. ECF No. 35 at 30–31. To this point, Plaintiff suggests that whoever wins would likely appeal given the lack of certainty as to the legal footing of either party. *Id.* at 31. In the same vein, the second and fourth factors also weigh in favor of settlement. Where the likelihood of success is far from certain and many resources, financial and otherwise, would necessarily be spent in unpacking the substantive law, the Court agrees that a settlement

would be a fair trade-off to ongoing contested litigation. This view is further supported by Plaintiff's counsel's contention that a class settlement is in the best interests of the putative class members. *Id.* at 28.

As to the fifth factor, the parties undertook informal discovery, in which they exchanged proposals and counterproposals, setting forth their respective views as to their positions. *Id.* at 29 (citing ECF No. 36 at 3). Indeed, the parties engaged in "adversarial, non-collusive, arm's length negotiations," which spanned several months and resumed shortly after the parties briefed out a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*; *see also* ECF Nos. 14, 15, 18, 20, 22.

At this preliminary stage, it is unclear whether any potential class members will oppose the settlement, so the Court will not yet weigh this factor. *See Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 WL 6759382, at *4 (W.D. Wis. Dec. 29, 2017) ("At this point, court consideration of opposition is premature because the [class] members have not yet had the chance to voice it."). That factor notwithstanding, the Court finds no barrier to preliminary approval of the Amended Settlement Agreement.

## 5. CONCLUSION

The parties' joint motion to vacate the prior order certifying the class and preliminarily approving the settlement in this matter, ECF No. 33, will be granted and the Court's prior order, ECF No. 32, will be vacated. For the reasons stated above, the Court finds that class certification of the proposed class for the purposes of settlement is appropriate and preliminarily approves the Amended Settlement Agreement. A Fairness Hearing will be rescheduled as stated below.

Accordingly,

**IT IS ORDERED** that the parties' joint motion, ECF No. 33, to vacate the Order of Preliminary Approval and Class Certification, ECF No. 32, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Order of Preliminary Approval and Class Certification, ECF No. 32, be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that Plaintiff Susan Giasson's unopposed motion for preliminary approval of the parties' class action settlement and class action certification, ECF No. 34, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Federal Rule of Procedure 23 class defined in Plaintiff's motion for class certification, ECF No. 34, be and the same is hereby **CERTIFIED** for settlement purposes pursuant to Rule 23(c)(1). The Court finds that this class meets the requirements of Rule 23(a) and (b)(3). The Rule 23 class is defined as follows:

> All individuals residing in the United States whose Personal Information may have been compromised in the Security Incident, including all those individuals who received notice of the breach.

(hereinafter "Settlement Class"). Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their immediate families; (2) Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline;

**IT IS FURTHER ORDERED** that Plaintiff Susan Giasson shall **SERVE** as representative of the Settlement Class;

**IT IS FURTHER ORDERED** that Strauss Borrelli PLLC be and the same is hereby **APPOINTED** as class counsel of the Settlement Class;

**IT IS FURTHER ORDERED** that Simpluris be and the same is hereby **APPOINTED** as Settlement Administrator for the purposes of administering the Amended Settlement Agreement, ECF No. 36-1 at 2–22; and

**IT IS FURTHER ORDERED** that:

1. The Court preliminarily approves the parties' Amended Settlement Agreement, ECF No. 36-1 at 2–22, as the Court finds that the settlement terms negotiated by the parties and described in the Amended Settlement Agreement are a fair and reasonable resolution of a *bona fide* dispute;

2. The Court approves the Long Form and Short Form Notices of Proposed Class Action Settlement (the "Notice"), ECF No. 36-1 at 23–34, as it constitutes the best notice practicable under the circumstances, including individual notice to all class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to class members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

3. Within **seven (7) days of the date of this Order**, Defendant's counsel must provide the Settlement Administrator, Simpluris, with a list of the names and last known addresses of all putative class members;

4. Within **thirty (30) days of the date of this Order**, the Settlement Administrator, Simpluris, must mail a copy of the Notice to the putative class members via U.S. mail, first-class, with address correction requested, and shall thereafter send a second copy of the Notice to any forwarding address provided;

5. Settlement Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by mailing a request for exclusion to the Settlement Administrator at the address identified in the Notice, postmarked no later than **sixty (60) days after the date that the Notice is sent**. Requests for exclusion that are sent to a different address or that are postmarked after the Opt-Out Deadline are invalid and the person shall remain a Participating Settlement Class Member. The request for exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion," or a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the individual's intent to opt out of the Settlement in the written communication. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request. Mass or group opt-outs are not allowed.

6. All Settlement Class Members who do not opt out and exclude themselves in accordance with the Amended Settlement Agreement and this Order shall be bound by the terms of the Amended Settlement Agreement upon entry of the Final Approval Order and Judgment.

7. Settlement Class Members who wish to object to the Settlement may do so by filing a written Objection to the Court in accordance with the procedures outlined in the Amended Settlement Agreement and Class Notice by **sixty (60) days after the date that the Notice is sent**. A written objection must include (i) the name of the Litigation; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for

the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at the fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. A copy of the objection must also be mailed to the Settlement Administrator, Class Counsel, and Defense Counsel at the addresses specified in the Notice.

8. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Amended Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Amended Settlement Agreement or the Final Approval Order by appeal or other means.

9. The Court will conduct a Fairness Hearing in Courtroom 425, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202, on **August 21, 2026 at 8:30 A.M.** to determine whether the Amended Settlement Agreement should be approved as fair, reasonable and adequate and whether the proposed final order approving the Amended Settlement Agreement should be entered, as well as the amount of attorneys' fees,

costs, and expenses that should be awarded to class counsel and service payments that should be awarded to Plaintiff;

10. The parties shall file their joint motion for final settlement approval at least **fourteen (14) days prior to the Fairness Hearing**;

11. Plaintiff shall apply for any service payment as well as attorneys' fees and costs at least **fourteen (14) days prior to the Fairness Hearing**, pursuant to Rule 23(h); and

12. In the event that the Amended Settlement Agreement is terminated pursuant to the terms of the Amended Settlement Agreement: all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Amended Settlement Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification and all other issues for all purposes other than this Settlement. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge