# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SUSAN GIASSON, *on behalf of herself and all others similarly situated,*

Plaintiffs,

v.

MRA – THE MANAGEMENT ASSOCIATION, INC.,

Defendant.

Case No. 24-CV-839-JPS

**ORDER**

## 1. INTRODUCTION

In July 2024, Plaintiff Susan Giasson (together with the class she represents, "Plaintiffs") filed this class action against Defendant MRA—The Management Association, Inc., ("Defendant") for "failure to protect highly sensitive data" in a data breach. ECF No. 1. Following the Court's partial grant of Defendant's motion to dismiss, claims of negligence, negligence per se, and unjust enrichment remained. *See id.*; ECF No. 22 at 48.

In June 2025, the parties informed the Court that they had reached a settlement. ECF No. 27. In September 2025, the parties sought preliminary approval of the class action settlement, which the Court approved. ECF Nos. 29 and 32. The Court vacated its order preliminarily approving the class settlement on April 10, 2026, however, because of the parties' inadvertent omission of a second security breach from the class definition. ECF No. 38. That same day, the Court granted preliminary approval of the amended settlement, ECF No. 36-1 ("Amended Settlement Agreement"), between the Parties. ECF No. 38 ("Preliminary Approval Order"). The

Preliminary Approval Order also certified the Settlement Class, as outlined in the Amended Settlement Agreement. *Id.*

Now before the Court is the parties' joint motion for final approval of the class settlement and for an award of attorneys' fees and costs, and a service award to the named plaintiff, Susan Giasson. ECF No. 40. Consistent with its findings in the Preliminary Approval Order, the Court agrees that final certification of the Settlement Class and final approval of the class settlement is appropriate. The Court further finds that Plaintiffs' counsel's proposed award of attorneys' fees is reasonable, and that awarding costs and a service award is appropriate. Accordingly, Plaintiffs' final approval motion will be granted in full.

**2. SETTLEMENT TERMS**

There are approximately 36,434 class members. ECF No. 36-1 at 29. Under the Amended Settlement Agreement, Defendant will provide a settlement fund of $775,000.00, out of which payments to class members, the service payment to named Plaintiff, and attorneys' fees and costs will be paid. *Id.* In exchange for these payouts, the Settlement Class will release their claims against Defendants. *Id.* at 30, 50.

**3. LAW & ANALYSIS**

The Court may approve a class action settlement if: (1) it is able to certify the settlement class; (2) the class was provided adequate notice and a public hearing; and (3) it determines that the settlement is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(1)–(2).

The Court will not disturb its earlier conclusion that certification of the Settlement Class meets the requirements of Rule 23(a) and (b)(3) and readopts and incorporates by reference its earlier analysis of the same. ECF No. 38 at 4–9. Similarly, the Court's previous endorsement of the notice program as satisfactory, *id.* at 13, stands. *See* FED. R. CIV. P. 23(c)(2)(B) and

(e)(1). Notice of the proposed settlement was sent to class members. ECF No. 41-2 at 1–6. The notice apprised the Settlement Class about the nature of the action, including the terms of the Amended Settlement Agreement, how to object to it, and their right to opt out. ECF No. 41 at 18–19. Objections from class members were due July 7, 2026. *See* ECF No. 38 at 14–15; ECF No. 41-2 at 6. No objections were filed by anyone in the Settlement Class. ECF No. 44 at 3. No one in the Settlement Class timely and validly elected to opt out of the Amended Settlement Agreement or the Settlement Class. *Id*. A fairness hearing was held on August 21, 2026, at which no objections were raised. ECF No. 43. The Court has no reason to believe that the notice program was ineffective or unreasonable. For the foregoing reasons, it finds that the Class was provided adequate notice and a public hearing.

As for determining whether the Amended Settlement Agreement is fair, reasonable, and adequate, relevant factors in the analysis include "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of [the] settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) [the] stage of the proceedings and the amount of discovery completed." *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982)); *see also* FED. R. CIV. P. 23(e)(2) (listing factors).[1] The Court considers the facts

---

[1]Congress amended Rule 23 in 2018 to enumerate the concerns that courts should consider when deciding whether to approve a class action settlement: the adequacy of class counsel's and the class representatives' representation of the class; whether the proposal was negotiated at arm's length; the adequacy of relief that the settlement provides to the class; and whether the proposal treats class members equitably. Advisory Committee Notes on the 2018 Amendments to FED. R. CIV. P. 23(e)(2); FED. R. CIV. P. 23(e)(2)(A)–(D). However, Congress stated that these factors were not intended to "displace" any of the tests devised by the courts

"in the light most favorable to the settlement" and focuses not on "individual components of the settlement[]," but rather views the settlement "in [its] entirety in evaluating [its] fairness." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (quoting *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998)).

All factors weigh in favor of approving the Amended Settlement Agreement. While the Court will not list out all the factors given the parties' agreement as to the same, it will spell out those that the parties specifically ask the Court to include in its decision today, namely that: the Amended Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive; the parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, (including on appeal), of continued litigation of this complex matter; and there exist uncertainties with continued litigation in both the trial and appellate courts, as well as considerable expenses. ECF No. 44 at 3. After considering the appropriate factors, including the aforementioned, the Court concurs with Plaintiffs' examination of each of the Rule 23(e)(2) criteria, ECF No. 41 at 14–22, and agrees that the negotiated outcome in this case is favorable to the class.

The Court further finds that the proposed award of $258,307.50 in attorneys' fees to Plaintiffs' class counsel is reasonable. ECF No. 44 at 5. The Court agrees that the proposed fee award is reasonable for the reasons provided at the fairness hearing. ECF No. 43. As such, the Court will approve Plaintiffs' counsel's proposed fee award.

---

of appeals. Advisory Committee Notes on the 2018 Amendments to FED. R. CIV. P. 23(e)(2).

Plaintiff also requests a service award of $5,000. For the reasons provided at the fairness hearing, ECF No. 43, the Court will grant this award as well.

**4. CONCLUSION**

For all these reasons, the Court finds that the Amended Settlement Agreement is fair, adequate, and reasonable, and will grant Plaintiffs' motion for final approval of the class settlement, for an award of attorneys' fees and costs, and for a service award to the named plaintiff. ECF No. 40. The Court will incorporate below the terms of Plaintiffs' proposed order, as revised. ECF No. 44.

Accordingly,

**IT IS ORDERED** that Plaintiffs' unopposed motion for final approval of the class settlement, ECF No. 40 and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** as follows:

1. **Definitions**. This Order incorporates by reference the definitions in the Amended Settlement Agreement, ECF No. 36-1, and all capitalized terms used shall have the same meanings as in the Amended Settlement Agreement, except as may otherwise be indicated.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class, and venue in this Court is proper.

3. **Settlement Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Action be and the same is finally **CERTIFIED** as a class action, with the Class defined as:

> All individuals residing in the United States whose Personal Information may have been compromised in the Security Incidents, including all those individuals who received notice of the breach.

4. **Designation of Class Representatives and Class Counsel**. The Court confirms the prior appointments of Plaintiff Susan Giasson as Class Representative, and the law firm of Straus Borrelli, PLLC as Class Counsel, having determined that the Class Representative has fairly and adequately represented the Settlement Class and that Class Counsel has adequately represented the Settlement Class and will continue to do so.

5. **Settlement Approval.** Pursuant to Rule 23(e), the Court hereby approves the Parties' Amended Settlement Agreement, ECF No. 36-1, including but not limited to the releases therein, including all Released Claims, and the plan for implementation and distribution of the settlement benefits because, in all respects, it is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court further finds that the Amended Settlement Agreement is the result of good faith arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Parties and the Settlement Administrator shall effectuate the Amended Settlement Agreement in accordance with its terms. The Amended Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. **Approval of Class Notice.** The Notice, set forth in the Amended Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Amended Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Amended Settlement Agreement, and satisfied the

requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

7. **CAFA Notice.** Defendant fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as set out in the Simpluris Declaration, ECF No. 41-2, filed in support of the Unopposed Motion for Approval of Attorneys' Fees and Expenses Award and Service Award, and for Final Approval of Class Action Settlement.

8. **Attorneys' Fees and Expenses.** At the Fairness Hearing, the Court considered the unopposed Motion for Attorney's Fees and Expenses. ECF No. 43. An award of attorneys' fees and reimbursement of costs and expenses in the amount of $258,307.50, ECF No. 40, be and the same is hereby **GRANTED**. The Court finds this amount of fees and expenses to be fair and reasonable. The Fees and Expense Award payment shall be paid in accordance with the Amended Settlement Agreement.

9. **Case Contribution Award.** At the Fairness Hearing, the Court considered the unopposed Motion for Service Award. ECF No. 43. A service award to Plaintiff Susan Giasson in the amount of $5,000.00, ECF No. 40, be and the same is hereby **GRANTED**. The Court finds that this payment is justified by her service to the Settlement Class. The Service Award shall be paid in accordance with the Amended Settlement Agreement.

10. **Implementation of Settlement.** The Parties to the Amended Settlement Agreement and the Settlement Administrator shall carry out their respective obligations thereunder.

11. **Distributions.** Within the time period set forth in the Amended Settlement Agreement, the Cash Fund Payment provided for in the Amended Settlement Agreement shall be made available to the Settlement Class Members pursuant to the terms and conditions of the Amended Settlement Agreement.

12. **Release**. As of the Effective Date, and in consideration of the promises and covenants set forth in the Amended Settlement Agreement, (i) Releasors release, acquit, and forever discharge Released Parties from all Released Claims, as defined more fully in the Amended Settlement Agreement. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

Settlement Class Members, including the Class Representative, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims but the Class Representative expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the date the Judgment becomes Final, fully, and finally and forever settled and released any and all Released Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Amended Settlement Agreement of which this release is a part.

13. **Effect.** All Settlement Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Amended Settlement Agreement. The terms of the Amended Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits,

petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest, or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or the Plaintiffs' Class Action Complaint, ECF No. 1.

14. **Waiver.** All Settlement Class Members who have not objected to the Amended Settlement Agreement in the manner provided in the Amended Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15. **Use of Order and Judgment.** This Final Approval Order and Judgment and the Amended Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Amended Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims. including but not limited to claims that have been, or could have been, asserted in the action. This Final Approval Order and Judgment, the Amended Settlement Agreement, and all acts, statements, documents or proceedings relating to the Amended Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of the propriety of class certification or of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Amended Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Amended

Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein).

The Amended Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Amended Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

16. **Termination**. Consistent with Paragraph 76 of the Amended Settlement Agreement, if the Effective Date, as defined in the Amended Settlement Agreement, does not occur for any reason, then all of the Parties' obligations under the Amended Settlement Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Amended Settlement Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification and all other issues for all purposes other than this Settlement. If the Effective Date does not occur, any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or

entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

17. ***Cy Pres.*** The Court hereby appoints the Consumer Law Clinic at the University of Wisconsin Law School as the *cy pres* recipient for any Remainder Funds pursuant to the Amended Settlement Agreement.

18. **Dismissal with Prejudice**. Plaintiffs' Class Action Complaint and all claims therein on the merits, be and the same are hereby **DISMISSED with prejudice**, without fees or costs to any Party, except as provided in this Order. This action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2026.

BY THE COURT:

__________________________________________

J.P. Stadtmueller
U.S. District Judge